**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHELLE RIEG, *et al.*, ) | CASE NO. 1:22-CV-2120 |
| ) | |
| Plaintiffs, ) | JUDGE CHARLES E. FLEMING |
| ) | |
| vs. ) | |
| ) | **MEMORANDUM OPINION AND** |
| VILLAGE OF SEVILLE, ) | **ORDER** |
| ) | |
| Defendant. ) | |

## I.   PROCEDURAL HISTORY

On October 19, 2022, Plaintiffs filed their complaint with the Medina County Court of Common Pleas concerning actions taken by the Village of Seville to approve the Flint Development site plan which consisted of an industrial warehouse and distribution hub facility allegedly in the vicinity of properties owned by Plaintiffs. (ECF No. 1, PageID #5–17).  On November 22, 2022, Defendant removed the case to this Court pursuant to 28 U.S.C. § 1331 because the complaint asserted violations of the Fifth and Fourteenth Amendments via claims under 42 U.S.C. § 1983.  (ECF No. 1, PageID #1–2).

On November 29, 2022, NEO Commerce Center, LLC moved to intervene as a party in this case because the ordinance and the Village of Seville Planning Commission actions in question concern the approval of an industrial warehouse development on its property. (ECF No. 3, PageID #92).  The Court granted that motion and Intervenor filed a motion to dismiss on November 30, 2022. (ECF No. 5).  Intervenor moved for the Court to dismiss the entirety of Plaintiffs' complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (*Id*. at PageID #119).  On December 29, 2022, Plaintiffs opposed Intervenor's motion.

(ECF No. 9). On January 12, 2023, Intervenor replied in support of its motion. (ECF No. 10). For the following reasons, Intervenor's motion is **GRANTED**.

## II. LEGAL STANDARD

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The "complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). In assessing plausibility, the Court construes factual allegations in the complaint in the light most favorable to Plaintiffs, accepts the allegations of the complaint as true, and draws all reasonable inferences in Plaintiffs' favor. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

## III. ANALYSIS

Intervenor argues that the complaint does not state a cognizable claim under either the United States Constitution or the Ohio Constitution, so counts three, four and five should be dismissed. (ECF No. 5, PageID #125). If the legal basis underlying those claims is insufficient, Intervenor notes that Plaintiffs are not entitled to declaratory relief, so count one should be dismissed. (*Id*. at PageID #132). Intervenor alleges that injunctive relief is a remedy, not a cause of action, so count two should be dismissed. (*Id*. at PageID #132–33).

### A. Counts Three, Four, and Five

In count three, Plaintiffs allege that Defendant violated procedural due process, substantive due process, and equal protection when it passed Ordinance 2022-40 as an emergency and when the Planning Commission applied Ordinance 2022-40 to approve a site plan for the Flint Development that allowed violations of Section 611 of the Zoning Code. (ECF No. 1, PageID #21–24). Plaintiffs allege in count four that Defendant's "conduct in enacting and enforcing Ordinance 2022-40 and its other unconstitutional ordinances, policies, and customs under color of law was and is in violation of 42 U.S.C. § 1983." (*Id*. at PageID #24). In count five, Plaintiff alleges, "[t]o the extent the Village's enactment and enforcement of Ordinance 2022-40 violates Plaintiff's rights under the United States Constitution, it likewise violates Plaintiff's rights under Article I, Sections 1, 2, and 16 of the Constitution of the State of Ohio." (*Id*. at PageID #25).

Intervenor analyzes the state and federal constitutional violations together because both the due process and equal protection clauses of each constitution are to be construed and analyzed identically. (ECF No. 5, PageID #125 (*citing Arbino v. Johnson & Johnson*, 880 N.E.2d 420, 433 (Ohio 2007); *Am. Assn. of Univ. Professors v. Cent. State Univ.*, 717 N.E.2d 286, 291 (Ohio 1999))). The bulk of these claims will be analyzed together. However, there are indications that the Equal Protection Clause of the Ohio Constitution may offer protections beyond the federal Constitution in certain circumstances. *See State v. Mole*, 74 N.E.3d 368, 374 (Ohio 2016) ("the Ohio Constitution is a document of independent force"); *State v. Noling*, 75 N.E.3d 141, 146 (Ohio 2016) ("Because the Equal Protection Clause of the Ohio Constitution is coextensive with, or stronger than, that of the federal Constitution, we cite both throughout this opinion."). Accordingly, if there is case law that extends the state claim beyond the federal claim, the Court

will consider it in its analysis. Otherwise, the alleged constitutional violations will be analyzed together.

    **i.    Due Process**

Intervenor argues that Plaintiffs' procedural and substantive due process claims fail because Plaintiffs have not established a constitutionally protected property or liberty interest. (ECF No. 5, PageID #125). Plaintiffs contend they have a constitutionally protected property interest because their "properties are in areas adjacent to the Overlay District" and because they have standing to appeal an administrative zoning order. (ECF No. 9, PageID #201). Intervenor replies that the requirements to establish standing for a zoning appeal do not establish a constitutionally protected property interest, any "adverse effects" due to proximity do not create a vested property interest, and diminution of property values does not give rise to substantive due process protection. (ECF No. 10, PageID #217–20).

The Fourteenth Amendment states, "[n]o State shall … deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. This clause has a procedural and a substantive component. *EJS Properties, LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012). Procedural due process requires "that the government provide a fair procedure when depriving someone of life, liberty, or property" while substantive due process "protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them." *Id*. (*citing Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992)). The threshold question of both a procedural and a substantive due process claim is whether Plaintiffs have shown that a constitutionally protected property or liberty interest exists. *Id*. (*citing Women's Med. Pro'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006) and *Braun v. Ann Arbor Charter Twp*., 519 F.3d 564, 573 (6th Cir. 2008)). "[N]either the Sixth Circuit nor Ohio courts have gone so far

4

as to say that property owners have a property interest in the existing zoning classifications of nearby or neighboring properties." *Brooks v. Butler County, Ohio*, 2022 WL 2526601, *7 (6th Cir. July 7, 2022).

The plaintiffs in *Brooks* raised a similar argument to Plaintiffs in this case concerning their property interest. The plaintiffs in *Brooks* argued their ability to appeal a zoning decision to the Ohio Court of Common Pleas was "sufficient to create a protected property interest under state law." *Id*. at *6. The Sixth Circuit found that the right to appeal does not automatically create a property interest. *Id*. Instead, the Sixth Circuit held, "for a contiguous or adjacent property owner to show a property interest in a [Board of Zoning Appeals] decision, the property owner must, at the minimum, participate in the administrative process and demonstrate a direct effect from the decision." *Id*.

Plaintiffs' complaint alleges, "[t]he Rieg Residence is in the neighborhood adjoining the Flint Property and is in the immediate vicinity of the Flint Development" and "[t]he Wangler Residence is directly adjoined to the Flint Property and Flint Development." (ECF No. 1, PageID #8). Plaintiffs allege that because of Seville's enactment and enforcement of Ordinance 2022-40, which led to the subsequent approval of the Flint Development site plan by the Planning Commission on September 19, 2022, they "lost value in their properties and have incurred litigation costs, expenses, and attorney fees." (ECF No. 1, PageID #16). They expect damages to continue in the future. *Id*.

Plaintiffs' complaint details their participation in the administrative process surrounding the approval of the Flint Development and the passage of Ordinance 2022-40. (ECF No. 1, PageID #10) (At a May 23, 2022 Planning Commission meeting concerning proposed amendments by Flint, "some of the Plaintiffs here, spoke against the Amendments and the Flint Development

5

identifying violations of the Mixed Use Overlay District provisions, stating concerns of health effects, excessive sound, environmental issues, unreasonable traffic increases, drainage problems and loss of value to their own properties."); *Id*. at PageID #12–13 ("On or about June 13, 2022, at a public hearing, Mrs. Rieg questioned the propriety of emergency language in Ordinance 2022-40" and "Mrs. Wangler asked the Seville Village Council to define 'reasonable' as it was used in the Ordinance."); *Id*. at PageID #14 ("On or about June 27, 2022, the Flint Development site plan was presented to Planning Commission. Again, the Wanglers and Riegs appeared and objected."); *Id*. ("At a Council meeting on July 11, 2022, Rieg asked the Council why all ordinances concerned with the Flint Development included emergency language."); *Id*. at PageID #15 (Prior to a September 19, 2022 Planning Commission meeting, "the attorney for the Riegs and Wanglers, on their behalf, e-mailed to Seville's solicitor a comprehensive statement in opposition to Ordinance 2022-40 and the Flint Development site plan and requested the solicitor forward the same to the Planning Commission members. The attorney also submitted hard copies of the statement to each of the Planning Commission members at the meeting."); *Id*. at PageID #16 (At the meeting, "[t]he Riegs and Robin Wangler appeared and stated what objections they could within the three minutes allotted. The Riegs' and Wanglers' attorney also spoke on their behalf in objection to the site plan and the Ordinance 2022-40."). Intervenor concedes this in its motion to dismiss. (ECF No. 5, PageID #127) ("Plaintiffs attended and were active participants at the hearings concerning the Zoning Code amendment and the Development."). Thus, Plaintiffs sufficiently pleaded that they participated in the administrative process.

The remaining issue for determination of property interest is whether Plaintiffs adequately pleaded a direct effect from the zoning decision at issue in this case. Plaintiffs contend this element is met through proximity of the Flint development to their properties and through the diminution

of the value of their properties.  (ECF No. 9, PageID #202).  Proximity alone does not meet this requirement because the Sixth Circuit noted in *Brooks*, "neither the Sixth Circuit nor Ohio courts have gone so far as to say that property owners have a property interest in the existing zoning classifications of nearby or neighboring properties."  *Brooks v. Butler County, Ohio*, 2022 WL 2526601, *7 (6th Cir. July 7, 2022).  Consequently, the remaining issue is whether Plaintiffs' alleged loss of value in their properties is adequate to establish a property interest.

Intervenor cites to case law from the Second Circuit for the proposition that alleged decline in property values is not an interest protected by the Fourteenth Amendment.  *See Fusco v. State of Conn.*, 815 F.2d 201, 205–06 (2d Cir. 1987).  The Court could not find any cases within the Sixth Circuit addressing this issue.  The closest analogy the Court could find was in analysis of the Fifth Amendment's Takings Clause where the Sixth Circuit determined that decline in property values is not per se a taking requiring compensation.  *See Amen v. City of Dearborn*, 718 F.2d 789, 796 (6th Cir. 1983) (*citing Danforth v. United States*, 308 U.S. 271, 285 (1939)).  Plaintiffs cite to an Ohio case that conferred standing to raise an administrative appeal of a zoning decision when there was evidence that the challenging party's property value may be reduced.  *See Jenkins v. Gallipolis*, 715 N.E. 2d 196, 200 (Ohio 4th Dist. 1998).  However, Plaintiffs again confuse the requirements for bringing an administrative appeal with the requirements for establishing a due process property interest, which the Sixth Circuit expressly rejected in *Brooks*.  *Brooks v. Butler County, Ohio*, 2022 WL 2526601, *6 (6th Cir. July 7, 2022).

With no authority to support the contention that alleged diminution of property values establishes a constitutionally protected property interest, the Court finds that Plaintiffs have not adequately pleaded a claim for either procedural or substantive due process.

7

### ii. Equal Protection

Intervenor argues that Plaintiffs' equal protection claim fails because Plaintiffs are not similarly situated to Intervenor and were not denied the variance process. (ECF No. 5, PageID #130–31). Additionally, Plaintiffs failed to allege that Defendant lacked a rational basis to adopt Ordinance 2022-40 and approve the Flint Development. (*Id.* at PageID #131–32).

Plaintiffs respond that Intervenor is mistaken as to what similarly situated class they identified in their complaint. (ECF No. 9, PageID #213). Plaintiffs allege the similarly situated party consists of property owners adjacent to other zoning districts that enjoy the protection of Seville's robust variance procedure. (*Id.*). Similarly, Plaintiffs allege that Intervenor is confused as to what rational basis is required. (*Id.*). Plaintiffs concede there is a rationale for the economic development, but they argue that it is the distinction between them and their articulated similarly situated class that requires a rational basis. (*Id.*). Plaintiffs state, "[t]here is no rational basis to treat Plaintiffs differently than other property owners in Seville." (*Id.*).

In reply, Intervenor notes that the complaint does not allege that Defendant treated Plaintiffs differently than other property owners. (ECF No. 10, PageID #229). Intervenor argues that Plaintiffs instead repeatedly allege that Defendant's actions impacted Plaintiffs and "the community at large." (*Id.*). Even if that class had been properly alleged, Intervenor contests that Plaintiffs are still not similarly situated to property owners adjacent to other zoning districts because "property owners adjacent to other zoning districts will neighbor properties that are subject to separate and distinct substantive restrictions and procedural requirements." (*Id.* at PageID #230). Intervenor challenges that Plaintiffs failed to allege that Defendant's actions lacked a rational basis because they "must negate every conceivable basis which might support the

8

government action or show that the challenged action was motivated by animus or ill-will." (*Id*. at PageID #231).

The Equal Protection Clause of the Fourteenth Amendment commands that "[n]o State shall … deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "[A] valid equal protection claim requires showing that the government treated the plaintiff disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Reform America v. City of Detroit, Michigan*, 37 F.4th 1138, 1152 (6th Cir. 2022). To be "similarly situated," "the plaintiff and the comparator must be alike in all relevant respects." *Id*. (citing *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992)). Equal protection claims can be brought by a class of one, "where the plaintiff alleges that the state treated the plaintiff differently from others similarly situated and that there is no rational basis for such difference in treatment." *Warren v. City of Athens, Ohio*, 411 F.3d 697, 710 (6th Cir. 2005). As Plaintiffs are not a suspect class, they proceed under a class of one theory. "A class of one plaintiff may demonstrate that a government action lacks a rational basis in one of two ways: either by negating every conceivable basis which might support the government action or by demonstrating that the challenged government action was motivated by animus or ill-will." *Anders v. Cuevas*, 984 F.3d 1166, 1179 (6th Cir. 2021).

Plaintiffs argue that they pleaded "that property owners adjacent to other zoning districts enjoy the protection of Seville's robust variance procedure" and that Plaintiffs were denied that protection simply because their property lies in the vicinity of an "Overlay District." (ECF No. 9, PageID #213). Plaintiffs stated in their complaint, "owners of properties neighboring Mixed Use Overlay Districts are denied the equal protection of law (namely the variance process) that other land owners are provided as it relates to development of properties neighboring other districts."

9

(ECF No. 1, PageID #12). Intervenor contends that property owners adjacent to other zoning districts are not "similarly situated." (ECF No. 10, PageID #230). Intervenor states that those property owners are inherently dissimilar because each zoning district has its own permitted and prohibited uses and procedures. (*Id*.). Thus, Plaintiffs and property owners that are adjacent to other zoning districts in Seville are not "similarly situated in all relevant respects."

Even if the Court were to find that Plaintiffs adequately pleaded that they were treated differently from others alleged to be similarly situated, Plaintiffs failed to allege there was no rational basis for the difference in treatment, or that it was due to animus/ill will. Plaintiffs concede in their complaint that Defendant stands to "gain substantial amounts of money from direct and indirect tax revenue generated by the Flint Development." (ECF No. 1, PageID #16). Defendant noted in Ordinance 2022-40 that the purpose of the Ordinance was "to maximize potential for economic development within the Village." (*Id*. at PageID #39). Plaintiffs did not allege any animus or ill-will from Defendant in their complaint and did not argue that in their opposition. Instead, Plaintiffs allege:

> While there is rationale for economic development, it is the class distinction that needs a rational basis. There is no rational basis for placing upon Plaintiffs a disproportionate amount of the burden that comes from the economic benefit to Seville just because they live next to an Overlay District as opposed to another type of zoning district.

(ECF No. 9, PageID #213). Intervenor argues that it is rational for Defendant to decide that certain zoning districts are appropriate for economic development and pass the requisite ordinances to accomplish that. (ECF No. 10, PageID #231). The Court concurs. Thus, Plaintiffs failed to negate every conceivable basis which might support the government action or demonstrate that the challenged government action was motivated by animus or ill-will as required.

Plaintiffs did not adequately pleaded claims for a violation of their rights to procedural due process, substantive due process, or equal protection. As Plaintiffs have failed to plead a violation of either the United States or Ohio constitution, counts three, four, and five are **DISMISSED WITH PREJUDICE**.

### B. Count One

Plaintiffs request declaratory judgment against Defendant in count one of their complaint because Ordinance 2022-40 is facially unconstitutional and unconstitutional as applied to the Flint Development. (ECF No. 1, PageID #17–20). Intervenor argues that this count should be dismissed because Plaintiffs are not entitled to declaratory relief when the legal basis underlying the claim is insufficient, as determined above. (ECF No. 5, PageID #132). As counts three, four, and five are dismissed, there remains no legal basis for a declaratory judgment. Count one is **DISMISSED WITH PREJUDICE**.

### C. Count Two

Count two seeks to enjoin the construction of the Flint Development under the current site plan approved by the Planning Commission. (ECF No. 1, PageID #21). Intervenor argues that injunctive relief is a remedy, not a cause of action. (ECF No. 5, PageID #132–33). Intervenor also notes that count two should be dismissed because there are no remaining causes of action. (*Id*.). As there are no remaining causes of action, the Court **DISMISSES** count two of Plaintiffs' complaint **WITH PREJUDICE**; injunctive relief can only be granted if the underlying claims are meritorious.

### IV. CONCLUSION

Intervenor's motion to dismiss is **GRANTED**. All counts of Plaintiffs' complaint are **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(6). Accordingly, this case is **DISMISSED**.

**IT IS SO ORDERED.**

Date: March 26, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**